IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GLORIA D. TILLMON                                                                    PLAINTIFF

v.                                          5:08CV00098 BD

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, Gloria D. Tillmon, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits. Both parties have submitted appeal briefs, and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. The Court may not reverse the Commissioner's decision, however, merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by high blood pressure, fibromyalgia, arthritis, neck pain, back pain, burst blood vessels, vision problems, and heart palpitations. (Tr. 89)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 17, 2006, the date of his decision. (Tr. 18)  On March 21, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7)  Plaintiff then filed her complaint initiating this appeal. (Docket #1)  After considering of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 49 years old at the time of the hearing. (Tr. 360)  She is a high school graduate with additional vocational training as a certified nurse's aide, cosmetologist, and correctional officer. (Tr. 95, 360)  She has past relevant work as an inspector, correctional officer, factory worker, packer, and machine operator. (Tr. 17, 68-75, 90)

---

[1] The Honorable. Robert L. Neighbors.

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at § 404.1520(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at § 404.1520(c).

Step 3 involves a determination of whether a severe impairment meets or equals a listed impairment. *Id.*, § 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, § 404.1520(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, § 404.1520(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision. (Tr. 13) He found that Plaintiff had a "severe" impairment, fibromyalgia. (Tr. 13) He found that she did not have an impairment or combination of

impairments that met or equaled a Listing. (Tr. 15) He judged that Plaintiff was less than fully credible. (Tr. 17)

The ALJ found that Plaintiff retained the residual functional capacity for light work (Tr. 15), and that she was unable to perform any of her past relevant work. (Tr. 17) The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rules 202.14 and 202.21, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled. (Tr. 17) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 18)

Plaintiff argues that the ALJ erred in his residual functional capacity determination. (Br. 6-7) She points to no record evidence in support of that position, however. *Id.* She alleged that she became unable to work on February 19, 2001. (Tr. 47, 89) She was in a motor vehicle accident in August of 2001. (Tr. 154) On March 19, 2001, Plaintiff was examined by Bruce Safman, M.D. (Tr. 152-53) and there were no objective findings on evaluation. (Tr. 152) He thought that she could gradually return to work.[2] *Id.* An MRI of the lumbar spine was negative. (Tr. 303) No abnormality of the lumbar spine was noted after the motor vehicle accident. (Tr. 154-55)

In June of 2005, Plaintiff was evaluated neurologically by Patricia A. Knott, M.D. (Tr. 324-28) No atrophy was noted to the extremities. (Tr. 326) Plaintiff could heel-and-toe walk well. (Tr. 327) Dr. Knott thought the fibromyalgia diagnosis was questionable. *Id.* "The patient did not have the multiple areas of tender points that you expect to see in fibromyalgia." *Id.* Dr. Knott completed a Medical Source Statement of Ability to Do Work-related Activities (Physical). (Tr. 329) On that assessment, she checked boxes indicating

---

[2]Plaintiff testified that she had to lift as much as 60 pounds on that job. (Tr. 363)

that Plaintiff could frequently[3] lift and/or carry up to ten pounds and occasionally,[4] eleven to 50 pounds; she could sit four hours in an eight-hour workday and stand and/or walk six hours in an eight-hour workday; she had the capacity to use her hands/feet/arms to occasionally grasp, finely manipulate, handle and reach; she could frequently feel objects and push/pull/operate controls with her hands and feet. *Id.*  She indicated Plaintiff could occasionally climb, balance, stoop, crouch, kneel or crawl, but that she should avoid all exposure to heights. *Id.*  She also should avoid moderate exposure to vibrations. *Id.*  She had unlimited ability to hear and speak. *Id.*  Substantial evidence supports the ALJ's determination that Plaintiff retained the residual functional capacity for light work.

Plaintiff's argument seeks to place the burden of proof on the Commissioner, but it is the claimant's burden, and not that of the Social Security Commissioner, to prove residual functional capacity. *Goff v. Barnhart*, 421 F.3d 785,790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Plaintiff also contends that the ALJ's credibility determination was unsupported by credible evidence and that he erred in discrediting her subjective complaints of pain. (Br. 7-9)  The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 15-17) He also cited Social Security Ruling 96-7p and 20 C.F.R. § 404.1529. (Tr. 15)  That Ruling tracks *Polaski* and 20 C.F.R. § 404.1529(c)(3), and elaborates on them.

---

[3] Defined on the form as one-third to two-thirds of the time.

[4] Defined on the form as up to one-third of the time.

5

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of more treatment, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, *e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence

relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff testified that she could walk "maybe a half block." (Tr. 368)  In a Disability Supplemental Interview Outline dated January 21, 2003 (Tr. 67), however, Plaintiff indicated that she groomed without assistance, although she often cut herself if she shaved; did laundry and dishes; changed sheets; ironed; vacuumed or swept; and took out the trash. She attempted home repairs, washing the car, mowing, raking leaves and garden work.  In addition, she shopped for groceries, and sometimes clothes, and completed postal and banking errands (Tr. 63); she prepared meals three times a week for two hours, including sandwiches, frozen dinners, meats and vegetables; paid bills, used a checkbook and counted change; drove and walked for exercise; attended church; watched television; listened to the radio; read; and visited friends and relatives (Tr. 64).  Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged.  See *Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven-year-old daughter, drove her to school, drove elsewhere, fixed simple meals, did housework, shopped for groceries and had no trouble handling money); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); *Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); *Haggard v. Apfel*, 175 F.3d 591, 594

(8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, sometimes needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Plaintiff contends that she was entitled to a finding of disability based on Rule 201.14 of the Medical-Vocational Guidelines. (Br. 9-10)  Rule 201.14 is appropriate when a claimant has the residual functional capacity for no more than sedentary work. Rule 201.14, Table No. 1, Appendix 2, Subpart P, Regulations No. 4. The ALJ found that Plaintiff was capable of light work, and the Court has already determined that this finding was supported by substantial evidence. Plaintiff's argument lacks merit.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

DATED this 15th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE